**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Christopher Eckman,                                       Case No. 12-cv-45 (SRN/DTS)

    Plaintiff,

v.                                                                          **REPORT AND RECOMMENDATION**

Lori Swanson, et al.,

    Defendants.

In an order dated October 4, 2022, this Court noted that, notwithstanding his status as a civil detainee, plaintiff Christopher Eckman fell within the definition of "prisoner" established by 28 U.S.C. § 1915(h) and would therefore be required to pay an initial partial filing fee if he intended to prosecute this action. *See* Docket No. 28 (citing 28 U.S.C. § 1915(b)). Eckman was given several options concerning how to proceed, including payment of an initial filing fee based on the limited financial information provided by him at the outset of this action or the submission of updated financial information establishing that his ability to pay an initial partial filing fee had changed. But regardless of how he elected to proceed, Eckman was directed to take action within 21 days of the date of that order, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute.

That deadline has now passed, and Eckman has not communicated with the Court about this case at all since this Court's prior order was entered. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a

plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

This Court also notes, however, that as Eckman was warned, even if he had elected to continue prosecuting this matter, dismissal almost certainly would have been recommended pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure had Eckman not also filed an amended complaint. At 139 pages and over 300 paragraphs, the pleading used to commence this matter was self-evidently not "short," as required by Rule 8(a)(2). Neither was the complaint "plain." Rather, the complaint raised twenty-one causes of action, indiscriminately named dozens of defendants and made little effort to differentiate regarding which causes of action and which factual allegations applied to which defendant. Absent substantial changes to the pleading, this matter could not have gone forward. *See Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992) (table disposition) (affirming *sua sponte* dismissal of complaint on Rule 8 grounds).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

2. The pending motions of plaintiff Christopher Eckman [Docket Nos. 2, 4, 7, & 26] be DENIED AS MOOT.

Dated: November 21, 2022         \_\_\_\_\_s/David T. Schultz_____
                                 DAVID T. SCHULTZ
                                 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).